Exhibit A

# CONFIDENTIALITY AND NON-COMPETITION AGREEMENT

This Confidentiality and Non-Competition Agreement (the "Agreement") is entered into by and between Four Paws Products, Ltd. ("Four Paws"), a New York corporation and R. Sabee, LLC, a _____ limited liability company ("Manufacturer"), effective as of the ___ day of May, 2004.

## RECITALS

A.  Four Paws is engaged in the business of distributing and selling pet-related products.

B.  Manufacturer is engaged in the business of sourcing and manufacturing of pet related products.

C.  Four Paws and Manufacturer (each, a "Party") desire to conduct discussions regarding an agreement pursuant to which Manufacturer will source and manufacture products for Four Paws.

D.  During forthcoming discussions Four Paws will disclose to Manufacturer certain proprietary trade secrets, as well as highly confidential information which may or may not be trade secrets, all of which is sensitive to Four Paws's continuing business operations and to Four Paws's competitive position in the marketplace.

E.  Accordingly, as a condition precedent to continuing discussions regarding said potential business arrangement, both Manufacturer and Four Paws agree to be bound by the terms and conditions of this Agreement, pursuant to which information may be disclosed to Manufacturer.

NOW THEREFORE, in consideration of the promises and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1.  Confidential Information. "Confidential Information" means (a) trade secret or confidential information of a business, financial or technical nature, whether or not marked or identified as confidential belonging to Four Paws, including but not limited to, that embodied in data samples provided by Four Paws to Manufacturer, concerning financial information, data, costs, revenue, sales, proprietary products, designs, know-how, or other technical data; (b) any strategic information, studies, ideas, marketing or retailing plans, customer lists, supplier lists, vendor lists, projections, budgets, pricing information, or know-how related of Four Paws, whether or not marked or identified as confidential, including without limitation Four Paws's research data and information regarding services, development, operating procedures, processes, designs, drawings, manufacturing, marketing, or finances; and (c) all other information that is marked by Four Paws as confidential, is identified in writing to be confidential within thirty (30) days of oral communication, or is of a nature that Manufacturer knows or should know is and should remain confidential. The Confidential

203591.1

1

Information is to be disclosed only for the purpose of enabling the parties to work together toward evaluation and possible consummation of the consulting relationship described in the above recitals and no other use, sale, importation, or disclosure is permitted.

Notwithstanding any other provisions of this Agreement, Confidential Information does not include information that:

(a) Manufacturer can demonstrate was in its possession before it was received; or

(b) is or becomes available to Manufacturer on a non-confidential basis from a source, other than Four Paws, such that Manufacturer is not prohibited from disclosing such Confidential Information by any legal, contractual, or fiduciary duty.

2. <u>Use of Confidential Information</u>. Manufacturer shall keep and hold as confidential, and shall require its employees and representatives to keep and hold as confidential, any and all Confidential Information, in accordance with sound and reasonable safekeeping practices, and, at a minimum, in at least the same manner and with at least the same protection as Manufacturer maintains its own confidential information. Manufacturer warrants to Four Paws that it will take all measures necessary to protect the confidentiality of the Confidential Information, including, but not limited to, implementing and enforcing satisfactory operating procedures to prevent the unauthorized disclosure, use or copying of the Confidential Information. Manufacturer shall only disclose Confidential Information to its employees or representatives who have a need to know such Confidential Information and who are under a confidentiality obligation to Manufacturer. Manufacturer shall not use, or permit to be used, any Confidential Information disclosed to it for any purpose except in connection with the potential arrangement between Four Paws and Manufacturer described in the above recitals. Without limiting the foregoing, Manufacturer shall not use any Confidential Information in connection with the development, design, manufacture, distribution, or sale of any pet-related or other products. Without limiting the foregoing, other than as contemplated herein, Manufacturer shall use any Confidential Information provided by Four Paws.

3. <u>Mandated Disclosure</u>. In the event that, in the written opinion of Manufacturer's legal counsel, the disclosure of any Confidential Information is required by governmental or judicial law, regulation or ruling, including pursuant to subpoena or other court or administrative process, Manufacturer shall give prior written notice to Four Paws as far in advance as reasonably possible. Manufacturer shall cooperate with Four Paws in the event that Four Paws seeks a protective order or other appropriate remedy to prevent such disclosure and, if such a protective order or other remedy cannot be obtained by Four Paws, Manufacturer shall disclose only that portion of such Confidential Information legally required to be disclosed and shall use its best efforts to obtain reliable assurances from the recipient that it will accord confidential treatment to such Confidential Information.

4. <u>Return of Confidential Information</u>. Manufacturer shall promptly deliver or cause to be delivered to Four Paws, after termination for any reason of the discussions relating to the proposed potential relationship, any and all documents containing Confidential Information and any copies

:03591.1

2

thereof which it may have, and shall permanently erase or cause to be erased all Confidential Information from any electronic or computer memory or storage.

5. **Purpose of this Agreement; Relationship of Parties.** This Agreement is being executed for the purpose of protecting the confidentiality of the Confidential Information disclosed hereunder. This Agreement shall not be deemed to create a joint venture or partnership between the parties or any other form of legal association which would impose liability upon one party for the act or failure to act of the other party, or to obligate the parties to enter into a joint venture, partnership or other such legal association. This Agreement shall not be deemed to create an agency relationship between the parties or otherwise to make one party the legal representative of the other party.

6. **Non-Solicitation of Employees.** For the term of this Agreement described in Section 9 below, each Party shall not, without the prior written approval of the other Party, hire or enter into a contract with any employee, agent or representative of the other Party, to provide services to itself or, directly or indirectly, induce or attempt to induce or otherwise counsel, discuss, advise or encourage any employee, agent or representative to leave or otherwise terminate such person's relationship with the other Party.

7. **Non-Solicitation of Customers, Manufacturers, Vendors or Suppliers.** (A) For the term of this Agreement described in Section 9 below, Manufacturer shall not, directly or indirectly, without the prior written approval of Four Paws, whether or not for compensation, for the purpose of engaging in competition with Four Paws or assisting any other person or entity in engaging in competition with Four Paws, call on or solicit any person or entity who is or was a customer, manufacturer, vendor, or supplier of or for Four Paws, or any such person or entity with which Four Paws is or has been engaged in discussions for the purpose of creating a business relationship.

8. **Non-Compete.** For the term of this Agreement described in Section 9, Manufacturer shall not sell any dog pads similar or identical to Four Paws's WEE WEE PADS brand dog pads to any third parties who sell directly to consumers.

9. **Term.** This Agreement shall remain in effect during the discussions between the parties described in the above recitals and for a period of two (2) years after the cessation of all discussions between the parties with regard to the proposed relationship. This Agreement shall govern the use and non-disclosure of any and all Confidential Information received even if provided prior to the date hereof.

10. **Injunction.** Manufacturer acknowledges that any actual or threatened breach of this Agreement may cause irreparable injury and that therefore, in the event of actual or threatened breach of the terms hereof, Four Paws shall be entitled to injunctive relief, a decree of specific performance, or other equitable relief, without bond or similar arrangement, upon a proper showing of such a violation, without the necessity of demonstrating actual monetary damage; provided, however, that it is understood and agreed that the seeking or obtaining of any such relief shall not prevent the seeking or obtaining of any other relief, including the remedy of damages.

203591.1

3

11. <u>General Terms</u>.

  (a) If any provision of this Agreement is declared void or unenforceable, such provision shall be severed from this Agreement, and the remaining provisions shall otherwise remain in full force and effect.

  (b) This Agreement may not be assigned by without the prior written consent of the other Party, and any attempt to assign without such consent shall be void and shall constitute a material breach of this Agreement. Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, successors, and assigns.

  (c) This Agreement and the rights of the parties under this Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, including all matters of construction, validity, performance, and enforcement, without regard to its conflict of laws doctrine. Jurisdiction and venue in any action to interpret or enforce this Agreement or in any manner relating to the subject matter hereof shall be in New York, New York.

  (d) This Agreement constitutes the entire agreement between the parties with respect to the disclosure and treatment of Confidential Information and replaces and supersedes as of the date hereof any and all prior agreements and understandings (whether oral or written) between the parties with respect to the subject matter hereof. The terms and conditions of any consulting relationship between Four Paws and Manufacturer shall be set forth in a separate written agreement.

  (e) This Agreement may be executed in counterparts, both of which shall be deemed an original, but both of which shall together constitute one and the same instrument.

  (f) No waiver of any term, provision, or condition of this Agreement, whether by conduct or otherwise, in any one or more instances, shall be deemed to be or construed as a further or continuing waiver of any such term, provision or condition of this Agreement.

  (g) The Recitals set forth above shall be deemed to be part of this Agreement as though such provisions had been set forth in full in this Agreement.

103591.1

4

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first set forth above.

FOUR PAWS PRODUCTS, LTD.

By: _____

Name: Barry Askin

Its: Exec. VP

R. SABEE COMPANY, LLC

By: _____

Name: Kevin Clancey

Its: _____

*Sherry Donovan - Ahlman*
Sherry Donovan-Ahlman

203591.1

5

Exhibit B

## Amendment to Confidentiality and Non-Competition Agreement

Reference is made to that certain Confidentiality and Non-Competition Agreement entered into by and between Four Paws Products, Ltd. ("Four Paws") and R. Sabee, LLC ("Manufacturer") dated as of May 2004 (the "Agreement").

The parties would like to amend the Agreement.

NOW, THEREFORE, in consideration of the premises and obligations set forth herein and Four Paws' continued consideration of future business to Manufacturer and for other valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree to amend the Agreement as follows:

1.  Paragraph 2 of the Agreement shall be amended to delete the last sentence in its entirety.

2.  Paragraph 9 of the Agreement shall be deleted in its entirety and the following shall be reinserted:

"9.  Term. The term of this Agreement shall commence as of May 1, 2004 and shall continue until two (2) years following the later to occur of (i) the last day that Manufacturer provides goods or services to Four Paws or (ii) the last day that Manufacturer and Four Paws discuss verbally or in writing Manufacturer's providing goods or services to Four Paws. Notwithstanding the term or the expiration thereof, the confidentiality obligations provided for in this Agreement shall attach to any Confidential Information disclosed by Four Paws prior to the effective date of the Agreement and throughout the term and shall continue for a period of five (5) years from expiration of the term.

3.  The remainder of the Agreement is hereby ratified and endorsed and shall remain in full force and effect.

FOUR PAWS PRODUCTS, LTD.

By: _____
    Name: _BARRY ASHIN_
    Title: _Exec VP_


R. SABEE COMPANY LLC

By: _____
    Name: _KEVIN CLANCEY_
    Title: _VICE PRESIDENT OPERATIONS_


234144.1

Exhibit C

# R. SABEE COMPANY, LLC
*CONTRACT MANUFACTURING & CUSTOM CONVERTING*

November 29, 2004

Adam M. Cohen
c/o Kane Kessler, P.C.
1350 Avenue Of The Americas
New York, New York 10019-4896

Re:   Four Paws Pet Products

Adam:

In response to your letter dated October 25, 2004, the R. Sabee Company, LLC. conducted an internal investigation to determine if a violation of the Confidentiality and Non-Competition Agreement signed by both parties had occurred.

Section eight (8) Non-Compete states manufacturer shall not sell any dog pads similar or identical to Four Paw's WEE WEE PADS brand to any third parties who sell directly to consumers. The product Wal-Mart asked R. Sabee Company to produce has a completely different raw material and finished product specification than Four Paw's WEE WEE PADS brand. It is our opinion that we are not in violation of the Confidentiality and Non-Competition Agreement.

Executive leadership of R. Sabee Company, LLC. holds the Four Paws Pet Products, LTD. in highest regard as a valued customer and do not wish to endanger this relationship in any way. If Four Paws Pet Products feels we are in violation, then the R. Sabee Company, LLC. will comply to their request.

I have been in contact with Barry Askin and made him aware of our plan to be in compliance. Effective November 11, 2004 the puppy pad business transactions between Wal-Mart Stores, Inc., and the R. Sabee Company, LLC. have ended. Enclosed with this letter is the sales history from August 11th (Beginning of shipments) through November 10, 2004 (End of shipments) showing that only 2,748 cases were shipped during this time period. There are three (3) manufacturers supplying Wal-Mart this product and our position was to service specific Midwest distribution centers as a secondary source.

Upon receipt of this information, please contact us with the recommendation for a mutually satisfactory resolution between both parties.

Regards,

*[signature]*

Kevin Clancey
Vice President Operations
R. Sabee Company, LLC

Exhibit D

## CONFIDENTIALITY AND NON-COMPETITION AGREEMENT

This Confidentiality Agreement (the "Agreement") is entered into by and between Four Paws Products, Ltd. ("Four Paws"), a New York corporation, and R Sabee Company, LLC ("R Sabee Company"), a Wisconsin corporation, effective as of the 11th day of April, 2005.

### RECITALS

A. Four Paws is engaged in the business of distributing and selling pet-related products.

B. R Sabee Company is engaged in the business of contract manufacturing.

C. Four Paws and R Sabee Company (each, a "Party") desire that R Sabee Company shall provide certain services for Four Paws.

D. During the course of discussions with R Sabee Company, Four Paws will disclose to R Sabee Company certain proprietary trade secrets, as well as highly confidential information which may or may not be trade secrets, all of which is sensitive to Four Paws' continuing business operations and to Four Paws' competitive position in the marketplace.

E. Four Paws would not engage R Sabee Company to provide services absent the protections afforded by this Agreement.

F. As a condition precedent to having R Sabee Company provide such services to Four Paws, R Sabee Company agrees to be bound by the terms and conditions of this Agreement, pursuant to which information may be disclosed to R Sabee Company.

NOW THEREFORE, in consideration of the promises and undertakings contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. Confidential Information. "Confidential Information" means (a) trade secret or confidential information of a business, financial or technical nature, whether or not marked or identified as confidential belonging to Four Paws, including but not limited to, that embodied in data samples provided by Four Paws to R Sabee Company, concerning financial information, data, costs, revenue, sales, proprietary products, formulas, designs, know-how, or other technical data; (b) any strategic information, studies, ideas, marketing or retailing plans, customer lists, supplier lists, vendor lists, projections, budgets, pricing information, or know-how related of Four Paws, whether or not marked or identified as confidential, including without limitation Four Paws' research data and information regarding services, development, operating procedures, processes, designs, drawings, manufacturing, marketing, or finances; and (c) all other information that is marked by Four Paws as confidential, is identified in writing to be confidential within thirty (30) days of oral communication, or is of a nature that R Sabee Company knows or should know is and should remain confidential. The Confidential Information is to be disclosed only for the

purpose of enabling the parties to work together toward evaluation and possible consummation of the testing, consulting or business relationship described in the above recitals and no other use, sale, importation, or disclosure is permitted.

Notwithstanding any other provisions of this Agreement, Confidential Information does not include information that:

(a) R Sabee Company can demonstrate was in its possession before it was received; or

(b) is or becomes available to R Sabee Company on a non-confidential basis from a source, other than Four Paws, such that R Sabee Company is not prohibited from disclosing such Confidential Information by any legal, contractual, or fiduciary duty.

2. <u>Use of Confidential Information</u>. R Sabee Company shall keep and hold as confidential, and shall require its employees and representatives to keep and hold as confidential, any and all Confidential Information, in accordance with sound and reasonable safekeeping practices, and, at a minimum, in at least the same manner and with at least the same protection as R Sabee Company maintains its own confidential information. R Sabee Company warrants to Four Paws that it will take all measures necessary to protect the confidentiality of the Confidential Information, including, but not limited to, implementing and enforcing satisfactory operating procedures to prevent the unauthorized disclosure, use or copying of the Confidential Information. R Sabee Company shall only disclose Confidential Information to its employees who have a need to know such Confidential Information and who are under a confidentiality obligation to R Sabee Company. R Sabee Company shall not use, or permit to be used, any Confidential Information disclosed to it for any purpose except in connection with the potential arrangement between Four Paws and R Sabee Company described in the above recitals. Without limiting the foregoing, R Sabee Company shall not use any Confidential Information in connection with the development, design, manufacture, distribution, or sale of any pet-related or other products.

3. <u>Mandated Disclosure</u>. In the event that, in the written opinion of R Sabee Company's legal counsel, the disclosure of any Confidential Information is required by governmental or judicial law, regulation or ruling, including pursuant to subpoena or other court or administrative process, R Sabee Company shall give prior written notice to Four Paws as far in advance as reasonably possible. R Sabee Company shall cooperate with Four Paws in the event that Four Paws seeks a protective order or other appropriate remedy to prevent such disclosure and, if such a protective order or other remedy cannot be obtained by Four Paws, R Sabee Company shall disclose only that portion of such Confidential Information legally required to be disclosed and shall use its best efforts to obtain reliable assurances from the recipient that it will accord confidential treatment to such Confidential Information.

4. <u>Return of Confidential Information</u>. R Sabee Company shall promptly deliver or cause to be delivered to Four Paws, after termination for any reason of the services to be provided by R Sabee Company and/or at the demand of Four Paws, any and all

221774.2

documents containing Confidential Information and any copies thereof which it may have, and shall permanently destroy and/or erase or cause to be destroyed and/or erased all Confidential Information from any electronic or computer memory or storage.

5. **Purpose of this Agreement; Relationship of Parties.** This Agreement is being executed for the purpose of protecting the confidentiality of the Confidential Information disclosed hereunder. This Agreement shall not be deemed to create a joint venture or partnership between the parties or any other form of legal association which would impose liability upon one party for the act or failure to act of the other party, or to obligate the parties to enter into a joint venture, partnership or other such legal association. This Agreement shall not be deemed to create an agency relationship between the parties or otherwise to make one party the legal representative of the other party.

6. **Non-Solicitation of Employees.** For the term of this Agreement described in Section 9 below, each Party shall not, without the prior written approval of the other Party, hire or enter into a contract with any employee, agent or representative of the other Party, to provide services to itself or, directly or indirectly, induce or attempt to induce or otherwise counsel, discuss, advise or encourage any employee, agent or representative to leave or otherwise terminate such person's relationship with the other Party.

7. **Non-Solicitation of Customers, Manufacturers, Vendors or Suppliers.** (A) For the term of this Agreement described in Section 9 below, R Sabee Company shall not, directly or indirectly, without the prior written approval of Four Paws, whether or not for compensation, for the purpose of engaging in competition with Four Paws or assisting any other person or entity in engaging in competition with Four Paws, call on or solicit any person or entity who is or was a customer R Sabee Company, vendor, or supplier of or for Four Paws, or any such person or entity with which Four Paws is or has been engaged in discussions for the purpose of creating a business relationship.

8. **Non-Compete.** For the term of this Agreement described in Section 9, R Sabee Company shall not sell any *Puppy Pads* similar or identical to Four Paws' "Wee-Wee / Pet Select" brand *Puppy Pads* to any third parties who sell directly to the trade or to consumers.

9. **Term.** This Agreement shall remain in effect during the discussions between the parties described in the above recitals and for a period of two (2) years after the later of the cessation of all discussions between the parties with regard to the proposed relationship or end of business relationship. This Agreement shall govern the use and non-disclosure of any and all Confidential Information received even if provided prior to the date hereof.

10. **Injunction.** R Sabee Company acknowledges that any actual or threatened breach of this Agreement may cause irreparable injury and that therefore, in the event of actual or threatened breach of the terms hereof, Four Paws shall be entitled to injunctive relief, a decree of specific performance, or other equitable relief, without bond or similar arrangement, upon a proper showing of such a violation, without the necessity of demonstrating actual monetary damage; provided, however, that it is understood and

221774.2

3

agreed that the seeking or obtaining of any such relief shall not prevent the seeking or obtaining of any other relief, including the remedy of damages.

11. <u>General Terms</u>.

(a) If any provision of this Agreement is declared void or unenforceable, such provision shall be severed from this Agreement, and the remaining provisions shall otherwise remain in full force and effect.

(b) This Agreement may not be assigned by without the prior written consent of the other Party, and any attempt to assign without such consent shall be void and shall constitute a material breach of this Agreement. Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, executors, administrators, successors, and assigns.

(c) This Agreement and the rights of the parties under this Agreement shall be governed by and construed in accordance with the internal laws of the State of New York, including all matters of construction, validity, performance, and enforcement, without regard to its conflict of laws doctrine. Jurisdiction and venue in any action to interpret or enforce this Agreement or in any manner relating to the subject matter hereof shall be in New York, New York.

(d) This Agreement constitutes the entire agreement between the parties with respect to the disclosure and treatment of Confidential Information and replaces and supersedes as of the date hereof any and all prior agreements and understandings (whether oral or written) between the parties with respect to the subject matter hereof. The terms and conditions of any consulting relationship between Four Paws and R Sabee Company shall be set forth in a separate written agreement.

(e) This Agreement may be executed in counterparts, both of which shall be deemed an original, but both of which shall together constitute one and the same instrument.

(f) No waiver of any term, provision, or condition of this Agreement, whether by conduct or otherwise, in any one or more instances, shall be deemed to be or construed as a further or continuing waiver of any such term, provision or condition of this Agreement.

(g) The Recitals set forth above shall be deemed to be part of this Agreement as though such provisions had been set forth in full in this Agreement.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first set forth above.

221774.2

04/12/05   14:43   ☎9205527351                                    ☒006/006

FOUR PAWS PRODUCTS, LTD.

Name: _[signature]_____

Title: _Exec. VP._____

Date: _4/12/05_____

R SABEE COMPANY, LLC.

Name: _Kevin Clancy_____

Title: _VICE PRESIDENT OPERATIONS_

Date: _APRIL 12, 2005_____

221774.2

5