UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
FOUR PAWS PRODUCTS, LTD.,

          Plaintiff,

vs.

R. SABEE COMPANY, LLC, and
DRAPER PRODUCTS, INC.,

          Defendants.
-----------------------------------------------------x

ELECTRONICALLY FILED

Case No. 07 CV 6267
Hon. Sidney H. Stein

ANSWER, AFFIRMATIVE
DEFENSES AND
COUNTERCLAIM

## ANSWER

Defendants R. Sabee Company, LLC ("R. Sabee") and Draper Products, Inc. ("Draper"), by their attorneys Reinhart Boerner Van Deuren, s.c., responding in numbered paragraphs that correspond to the numbered paragraphs in the Complaint, as and for their Answer, respectfully allege as follows:

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

3. Admit.

4. Admit.

5. Admit.

6. Defendants admit that R. Sabee was and still is engaged in the business of manufacturing pet-related products. Lacking knowledge of the intended meaning of the term "sourcing," Defendants deny all remaining allegations in this paragraph.

7. Affirmatively allege that R. Sabee has two clients in New York State, one of which is the Plaintiff, and to that extent only admit that R. Sabee has "transacted business" in New York State and "contracted to supply goods within New York State." Defendants lack sufficient knowledge of the intended meaning of the terms "substantial revenue" and "systematic basis," and therefore deny all remaining allegations in this paragraph.

8. Admit, subject to correct spelling of "Appleton" Wisconsin.

9. Affirmatively allege that Draper is a distributor of products; deny all remaining allegations in this paragraph.

10. Affirmatively allege that Draper has clients in New York State, and to that extent only admit that Draper has "transacted business" in New York State and "contracted to supply goods within New York State." Affirmatively allege that Draper does not regularly solicit business in New York State. Deny all remaining allegations in this paragraph.

11. Affirmatively allege that it was in or around April 2004 that Plaintiff and R. Sabee desired to conduct discussions regarding a relationship pursuant to which R. Sabee would manufacture certain pet-related products. Deny all remaining allegations in this paragraph.

12. Affirmatively allege that the agreement referred to is entitled "Confidentiality and Non-Competition Agreement," and the document speaks for itself.

13. Respond that the document speaks for itself and denies allegations inconsistent therewith.

14. Respond that the document speaks for itself and denies allegations inconsistent therewith.

15. Respond that the document speaks for itself and denies allegations inconsistent therewith.

16. Admit.

17. Deny that R. Sabee sold and continues to sell dog pads similar or identical to Plaintiff's WEE WEE PADS brand dog pads to Walmart stores. Admit that Walmart is a third party retailer who sells directly to customers. Lack knowledge or information sufficient to form a belief as to whether at all relevant times Plaintiff was and is still a customer of Walmart, and therefore deny same.

18. Lack information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

19. Deny.

20. Deny.

21. Defendants repeat and reallege each and every answer contained in paragraphs 1 through 20 above as if fully set forth herein.

22. Admit that Plaintiff *advised* R. Sabee that R. Sabee's sale of dog pads similar or identical to Plaintiff's WEE WEE PADS brand dog pads to Walmart constituted a breach of the Confidentiality and Noncompetition Agreement and requested that R. Sabee cease and desist from continuing such sales, but DENY the veracity of Plaintiff's advisement and DENY that Plaintiff had legal justification for requesting that R. Sabee cease and desist from continuing such sales.

23. Respond that the document speaks for itself and denies allegations inconsistent therewith.

24. Deny.

25. Deny.

   (a) Deny.

    (b)    Deny.

    (c)    Deny.

    (d)    Admit.

    (e)    Admit.

    (f)    Deny.

    (g)    Deny.

    (h)    Deny.

    (i)    Deny.

26. Deny.

27. Deny.

28. (a) Deny.

    (b)    Deny.

    (c)    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation in this subparagraph, and therefore deny same.

    (d)    Deny.

29. Deny.

30. Deny.

31. Deny.

32. Defendants repeat and reallege each and every answer contained in paragraphs 1 through 31 above as if fully set forth herein.

33. Deny. Affirmatively allege that the agreement referred to does not pertain to manufacturing services.

34. Respond that the document speaks for itself and denies allegations inconsistent therewith.

35. Admit.

36. Respond that the document speaks for itself and denies allegations inconsistent therewith.

37. Respond that the document speaks for itself and denies allegations inconsistent therewith.

38. Deny.

39. Deny.

40. Deny.

41. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegation that "at the time Plaintiff entered into the Second Non-Competition Agreement, Plaintiff was unaware that R. Sabee was continuing to sell its dog pads to Walmart stores," and therefore deny same. Deny all remaining allegations in this paragraph.

42. Deny.

43. Deny.

44. Defendants repeat and reallege each and every answer contained in paragraphs 1 through 43 above as if fully set forth herein.

45. Respond that the document speaks for itself and denies allegations inconsistent therewith.

46. Respond that the document speaks for itself and denies allegations inconsistent therewith.

47. Deny.

48. Admit that Walmart is a third party who sells directly to consumers. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore deny same.

49. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

50. Deny.

51. Deny.

52. Defendants repeat and reallege each and every answer contained in paragraphs 1 through 51 above as if fully set forth herein.

53. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore deny same.

54. Deny.

55. Deny.

56. Deny.

57. Deny.

58. Deny.

59. Deny.

60. Deny.

61. Deny.

62. Deny.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the parties' Confidentiality and Non-Competition Agreements are void and unenforceable as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because Plaintiff consented to and/or ratified Defendants' actions.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages, if any.

Defendants reserve the right to assert additional affirmative defenses.

### **COUNTERCLAIM**

Defendant R. Sabee Company, LLC ("R. Sabee"), by its attorneys Reinhart Boerner Van Deuren, s.c., respectfully alleges as follows:

### COUNTERCLAIM: PROMISSORY ESTOPPEL

1. At all times hereinafter mentioned, R. Sabee was and still is a Limited Liability Company organized under the laws of the State of Wisconsin, with its principal place of business located at 1718 W. Eighth Street, Appleton, Wisconsin, 54914.

2. At all times hereinafter mentioned, R. Sabee was and still is engaged in the business of manufacturing disposable health care products and pet-related products.

3. Upon information and belief, at all times hereinafter mentioned, Four Paws Products, Ltd., was and still is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 50 Wireless Boulevard, Hauppauge, New York.

4. Upon information and belief, at all times hereinafter mentioned, Four Paws Products, Ltd., was and still is engaged in the business of selling and distributing pet-related products.

5. Starting in or around 2006, Plaintiff and R. Sabee discussed the possibility that Plaintiff would increase the number and volume of products that R. Sabee manufactured for Plaintiff.

6. The discussions referenced in the preceding paragraph occurred after Plaintiff had accused R. Sabee of violating the Confidentiality and Non-Competition Agreement.

7. In furtherance of the discussions referenced in the preceding two paragraphs, representatives of Plaintiff visited R. Sabee's manufacturing facility in Wisconsin.

8. Before, during and after their visit to R. Sabee's manufacturing facility, representatives of Plaintiff promised to increase the number and volume of orders for products that R. Sabee would manufacture for Plaintiff.

9. Plaintiff encouraged R. Sabee to invest in the purchase of new manufacturing equipment and raw materials, and to hire additional employees, in anticipation of the increased volume of production called for by Plaintiff.

10. In reliance on Plaintiff's promise to increase its purchases from R. Sabee, R. Sabee invested at least $1 million in the purchase of new equipment and raw materials, and hired additional employees to handle the anticipated increase in production called for by Plaintiff.

11. Plaintiff has not to date increased its volume of purchases from R. Sabee, as promised.

12. As a result of its reliance upon Plaintiffs' promises, R. Sabee has been damaged in an amount to be determined at trial.

**WHEREFORE**, Defendants R. Sabee Company, LLC and Draper Products, Inc., demand judgment as follows:

(a) dismissal of the all five claims in the Plaintiff's Complaint against both defendants in their entirety;

(b) costs and disbursements as allowed by law;

(c) all other relief that the Court deems just and proper.

**FURTHER**, Defendant R. Sabee Company, LLC, demands judgment on its counterclaim against Plaintiff as follows:

(d) compensatory damages in an amount to be determined at trial;

(e) the costs and disbursements of the action, together with such other, further and different relief as the Court deems just and proper.

Dated:   August 15, 2007

REINHART BOERNER VAN DEUREN, s.c.

BY: _____s/_____
    Richard W. Donner
    SDNY Attorney No. RD6205

1000 N. Water Street, Suite 2100
Milwaukee, WI 53202
 (608) 298-1000
Attorneys for Defendants,
R. Sabee Company, LLC and
Draper Products, Inc.

## JURY DEMAND

Defendant R. Sabee Company, LLC demands trial by jury on its counterclaim.

REINHART BOERNER VAN DEUREN, s.c.

BY: _____s/_____
    Richard W. Donner
    SDNY Attorney No. RD6205

1000 N. Water Street, Suite 2100
Milwaukee, WI 53202
 (608) 298-1000
Attorneys for Defendants,
R. Sabee Company, LLC and
Draper Products, Inc.

Madison/186635