S. Reid Kahn, Esq. (SRK-1458)
Dana M. Susman (DS-5436)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**FOUR PAWS PRODUCTS, LTD.,**         :
                                      :    Case No. 07 CV 6267
                                      :    Hon. Sidney H. Stein
               **Plaintiff,**         :
                                      :    REPORT OF PARTIES'
       -against-                      :    PLANNING MEETING
                                      :
**R SABEE COMPANY, LLC, and**         :
**DRAPER PRODUCTS INC.,**             :
                                      :
               **Defendants.**        :
-------------------------------------------------------x

    1.    Pursuant to Federal Rules of Civil Procedure 26(f), a meeting was held on August 22, 2007, by telephone, and was attended by:

        <u>S. Reid Kahn, Esq.</u> - for plaintiff

        <u>Lewis W. Beilin, Esq.</u> - for defendants R. Sabee Company, LLC
                                   and Draper Products, Inc.

    2.    **Pre-discovery Disclosures.** The parties will exchange by September 21, 2007, the information required by Federal Rules of Civil Procedure 26(a)(1).

    3.    **Discovery Plan.** The parties jointly propose to the court the following discovery plan:

        A.    Discovery may be needed on at least the following subjects, subject to all appropriate objections:

#274193.1

      i.      negotiations between the parties concerning a proposed business relationship;

      ii.      agreements between the parties;

      iii.      the nature of the parties' business relationship;

      iv.      sales by defendants of various products to Wal-Mart;

      v.      damages sustained by the parties;

      vi.      the relationship between defendant R. Sabee Company, LLC and Draper Products, Inc.;

      vii.      the allegations contained in the pleadings;

      viii.      Four Paws sales of various products to Wal-Mart.

B. Disclosure or discovery of electronically stored information should be handled as follows:

      i.      the parties will produce all available electronically stored information in response to a demand pursuant to Fed.R.Civ.P. 34, subject to all appropriate objections.

C. The parties intend to execute an appropriate agreement concerning confidentiality of discovery materials produced during the course of the action.

D. The parties do not request any changes in the disclosure requirements of Rule 26(a) except they are unable to furnish a computation of damages claimed pursuant to Rule 26(a)(1)(c) at this time since the computation will be based upon discovery produced during the course of this litigation and expert testimony.

E. The parties do not request any changes in the limitations on discovery set forth in the Federal Rules of Civil Procedures, as amended, and the local rules for the Southern District of New York.

  F. <u>Discovery</u>. All discovery shall be commenced in time to be completed by September 30, 2008.

  G. <u>Expert discovery</u>. With regard to experts who are retained or specifically employed to provide expert testimony in the action or whose duties as an employee of the party regularly involve giving expert testimony:

   i. by May 31, 2008, plaintiff and defendants shall identify such experts relating to all issues on which they have the burden of proof and shall serve on the other party the expert's written report and expert disclosure pursuant to the Federal Rules of Civil Procedure;

   ii. by July 15, 2008, plaintiff and defendant shall provide expert reports and expert disclosure responding to the reports of the other party pursuant to the Federal Rules of Civil Procedure;

   iii. expert depositions shall commence only after the exchange of the expert reports referred to above.

4. **Other Items**.

  A. The parties request that the conference with the Court, scheduled on September 7, 2007, be conducted before the entry of the scheduling order.

  B. The parties request a pretrial conference in December, 2008.

  C. Any application to join any person as a party to this action or to amend the pleadings shall be made on or before March 31, 2008.

  D. All dispositive motions should be filed by October 30, 2008.

  E. Settlement is possible and may be enhanced by use of mediation.

  F. No later than 30 days before the trial ready date, the parties shall submit to the Court for its approval a joint pre-trial order that includes the information required by Federal Rule of Civil Procedure 26(a)(3).

G. If no dispositive motions are filed by October 30, 2008, the case should be ready for trial by January 15, 2009, and at this time it is expected to take approximately one (1) week.

The parties hereby submit the foregoing report of the parties' planning meeting pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and request the entry of a scheduling order reflecting the dates proposed herein.

Dated: New York, New York
September 4, 2007

KANE KESSLER, P.C.

By: _____
Dana M. Susman (DS-5436)
S. Reid Kahn (SRK-1458)
Attorneys for Plaintiff
1350 Avenue of the Americas
New York, NY 10019
(212) 541-6222

REINHART BOERNER VAN DEUREN, s.c.

By: _____
Bryan K. Nowicki, admitted *pro hac vice*
Lewis W. Beilin, admitted *pro hac vice*
Attorneys for Defendants
22 E. Mifflin Street – Suite 600
Madison, WI 53703
(608) 229-2200