S. Reid Kahn, Esq. (SRK-1458)
Dana M. Susman (DS-5436)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**FOUR PAWS PRODUCTS, LTD.,**

                **Plaintiff,**

  -against-

**R SABEE COMPANY, LLC, and**
**DRAPER PRODUCTS INC.,**

                **Defendants.**
-------------------------------------------------------x

Case No. 07 CV 6267
Hon. Sidney H. Stein

**STIPULATION AND PROTECTIVE**
**ORDER REGARDING THE**
**DISCLOSURE OF CONFIDENTIAL**
**INFORMATION**

    **WHEREAS**, information, documents and things have been and may be sought, produced or exhibited by and among the parties to the above-captioned proceeding, which materials are claimed to relate to or contain trade secrets, proprietary information or other confidential research, development, marketing or commercial information, and the parties have agreed that such information, documents and things shall be handled in accordance with the terms of this Stipulation and Protective Order (hereinafter referred to as "Stipulation");

    **IT IS HEREBY STIPULATED AND AGREED** by and between the parties to this action, as follows:

    1.    This Stipulation governs the handling of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded or graphic matter ("discovery material") produced by or obtained from any party or non-party (the

#274999.1

"producing person") during the proceedings in this action that is designated confidential by the producing person or any party (the "designating person").

2. Any party or producing person may designate as confidential any discovery materials which contain or disclose:

a. Trade secrets, unpublished financial data, internal business or product plans or other commercially sensitive information of a non-public nature; or

b. Other proprietary research, development, marketing or commercial information.

All discovery materials so designated and all information derived therefrom shall be referred to in this Stipulation as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Stipulation.

3. a. Confidential Discovery Material may include documents, information disclosed in an interrogatory answer, information revealed during a deposition, and information otherwise disclosed in discovery.

b. Documents and things and other written discovery responses shall be designated confidential by marking or stamping them "Confidential." With respect to multi-page documents which contain "Confidential" information, the designation may be made by marking only the first page thereof "Confidential," so long as such multi-page documents are securely bound.

c. The producing person may, on the record of a deposition, or within seven business days after receipt of the transcript of any deposition, designate any portion of the deposition as "Confidential" under the terms of this Stipulation. All copies of deposition transcripts that contain material designated as confidential shall be prominently marked

"Confidential" on the cover thereof and, if and when filed with the Clerk, the portions of such transcript designated confidential shall be filed under seal pursuant to the provisions of Paragraph 7 of this Stipulation. If deposition excerpts are not designated as confidential at the deposition, such information may be freely used without any restriction by this Protective Order and any subsequent designation of any portion of the deposition transcript as confidential shall have no effect with respect to any prior disclosures.

4. Confidential Discovery Material shall be used only for the prosecution and/or defense of this action or any appeal therefrom, and not for any business or other purpose whatsoever. Except upon the prior written consent of the designating person, or pursuant to an order of this Court, no Confidential Discovery Material, or any part thereof, shall be disclosed, delivered, or otherwise made available to any person, firm or corporation, nor shall the contents of any such Confidential Discovery Material be disclosed to any person, firm or corporation, except:

    a. The attorneys representing the parties in this action and their regularly employed office staff;

    b. Experts or consultants retained in good faith to assist such counsel in this litigation, but only upon the prior execution of an agreement to be bound by this Stipulation in the form attached hereto as Appendix A;

    c. Such officers, directors and employees of the parties, as counsel, in good faith, determines are necessary to provide assistance in the conduct of this action, and who agree to be bound by this Stipulation;

    d. Court personnel, including stenographic reporters, engaged at trial or in such proceedings as are incident to the preparation for trial of this action;

    e. Any judge before whom this case is pending and the jury at a trial in this action; and

    f. Witnesses deposed in this action or who appear at any hearing in this action, but only to the extent disclosure is necessary for questioning in connection with such deposition or hearing;

  5. Each person given access to Confidential Discovery Material pursuant to Paragraph 4 of this Stipulation shall be advised by counsel for the party giving access that the material or information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed other than pursuant to the terms thereof.

  6. Prior to disclosure of Confidential Discovery Material to any expert or consultant, counsel for the party making the disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation. Furthermore, prior to disclosure of any Confidential Discovery Material or information contained therein to such persons, such persons shall first:

    a. Read this Stipulation; and

    b. Sign a copy of the Confidentiality Agreement attached hereto as Appendix A and thereby become subject to this Stipulation, a copy of the signed Confidentiality Agreement to be retained by counsel for the party making the disclosure to the expert or consultant and to be shown to counsel for the producing person upon a showing of good cause.

  7. In the event that counsel for any party determines to file with this Court any Confidential Discovery Material or any papers containing or making reference to such material or information, such documents, or the portions of them that contain Confidential Discovery

Material, shall be made only in a sealed envelope on which a statement substantially in the following form shall be endorsed:

### CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order entered by the Court in this action governing the use of Confidential Discovery Material.

All such material so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court. In the event either party wishes to have materials filed under seal, the parties agree to jointly approach the Court to make such a request.

8. Inadvertent production of any information, document or thing without it being marked "Confidential" shall not itself be deemed a waiver of any claim of confidentiality as to such matter, and the same may thereafter be designated as "Confidential."

9. Should any document, which arguably contains work product or communications subject to the attorney-client privilege be inadvertently produced, such production shall not constitute a wavier or the parties' respective work product or attorney-client privileges. A party that receives such inadvertently produced document(s) shall immediately notify the producing party of the document's identity by bates stamp or with other identifying information if the document in question has not been bates stamped. If the producing party advises that the document has been inadvertently produced, the receiving party must destroy the document and all copies thereof immediately and confirm in writing that it has done so.

10. Entering into, agreeing to and/or designating, producing or receiving materials or otherwise complying with the terms of this Stipulation shall not:

#274999.1                                5

a. Prevent or restrict any party from using or disclosing any Confidential Discovery Material which was submitted to it by a person not subject to this Stipulation;

b. Prevent or restrict counsel for any party from rendering legal advice to its client and, in the course thereof, referring or relying generally on counsel's examination of Confidential Discovery Material produced in this action;

c. Operate as an admission that any particular discovery material contains or reflects trade secrets, proprietary or sensitive commercial information or other confidential matter;

d. Prejudice in any way the rights of any party to apply to the Court for an order that information designated as confidential need not be treated as "Confidential;"

e. Prejudice in any way the rights of any producing person to object to the production of documents it considers not subject to discovery;

f. Prejudice in any way the right of a party to seek a determination of the Court that particular discovery materials should be produced;

g. Prejudice in any way the rights of a designating person to apply to the Court for a further protective order relating to any confidential information; or

h. Prejudice in any way the rights of any party to seek a modification of this Stipulation.

11. This Stipulation has no effect upon, and its scope shall not extend to, any producing person's use of its own Confidential Discovery Material.

12. The party seeking discovery shall have the right to challenge any designation of confidentiality. The parties agree that before seeking any relief from the Court in connection with the designation of any information, documents or things as Confidential Discovery

#274999.1                                  6

Material, they will make a good faith effort to resolve any disputes concerning such confidential treatment. Therefore, before seeking relief from the Court, the parties agree that the party seeking discovery shall notify the designating person in writing that it disagrees with a confidentiality designation. Such written notice shall identify specifically each item of Confidential Discovery Material which it is contended should not be accorded confidential treatment. Not less than seven days after the parties have reached an impasse concerning the items described in the written notice, any party may apply to the Court for relief; however, the designating person always bears the burden of establishing that the designation of Confidential Discovery Material is proper. During the pendency of the process described in this paragraph, the parties agree that the Confidential Discovery Material being challenged shall continue to be accorded the confidential treatment described in this Stipulation.

13. In the event additional persons become parties to this action, neither their outside counsel nor experts or consultants retained to assist said counsel shall have access to Confidential Discovery Material produced by or obtained from any other producing person until said additional party has executed and filed with the Court a copy of this Stipulation.

14. After the termination of this proceeding, this Stipulation shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material has been disclosed or communicated and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

15. Upon conclusion of this litigation, all Confidential Discovery Material supplied by a producing person and all copies thereof (including without limitation, copies provided to testifying or consulting experts) shall be returned to the producing person or, in the alternative, destroyed and certified to the producing person to have been destroyed.

16.   Any copy of Confidential Discovery Material which was possessed by a party receiving such discovery material prior to its production or disclosure by the producing person, or which comes within the possession of such other party, through means not constituting a breach of this Stipulation and Protective Order, need not be treated as Confidential Discovery Material under the terms of this Stipulation.

17.   To the extent that material stored or recorded in the form of electronic or magnetic media ("Computerized Material"), which includes without limitation information, files, databases or programs; stored on any digital or analog machine-readable devise, computers, disks, networks or tapes, is produced by any party in such form, the producing party may specify by cover letter or upon the physical means of transmission (e.g., the disk), as appropriate, such material or a portion thereof as Confidential. Whenever any party to which Computerized Material designated as Confidential is produced reduces such material to hard copy form, such party shall mark such hard copy with the "Confidential" legend.

KANE KESSLER, P.C.

By: _____
Dana M. Susman (DS-5436)
S. Reid Kahn (SRK-1458)
Attorneys for Plaintiff
1350 Avenue of the Americas
New York, NY 10019
(212) 541-6222


REINHART BOERNER VAN DEUREN, s.c.

By: _____
Lewis Beilin (LB-   )
Attorneys for Defendants
22 E. Mifflin Street – Suite 600
Madison, WI 53703
(608) 229-2200

9/19/07

This order may be amended for good cause shown.

SO ORDERED:

_____
Hon. Sidney H. Stein
United States District Judge

#274999.1

9

# APPENDIX A

S. Reid Kahn, Esq. (SRK-1458)
Dana M. Susman (DS-5436)
KANE KESSLER, P.C.
1350 Avenue of the Americas
New York, New York 10019
(212) 541-6222

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------x
FOUR PAWS PRODUCTS, LTD.,           :
                                    :    Case No. 07 CV 6267
                                    :    Hon. Sidney H. Stein
              Plaintiff,            :
                                    :
    -against-                       :    **CONFIDENTIALITY AGREEMENT**
                                    :
R SABEE COMPANY, LLC, and           :
DRAPER PRODUCTS INC.,               :
                                    :
              Defendants.           :
---------------------------------------------x

     I acknowledge that I have read and that I understand the Stipulation governing Confidential Material entered in this action and hereby agree to abide by its terms and conditions. As a condition to access by me to documents designated by plaintiff or defendant herein, I agree now and forever to submit to the jurisdiction of the United States District Court for the Southern District of New York in connection with any alleged breach by me of the Stipulation in this case. I also understand that any violation of the Stipulation by me or anyone acting under my direction may subject me to penalties for contempt of court.

Date:_____          _____
                                      Signature
                                      Address:

#274999.1                             11